SARAH R. FRED

*v.*

ABRAM FRED.

[Filed July 25th, 1904.]

1. A wife is not bound to return to the home of her husband where he is living in open adultery with another woman.

2. In the absence of proof that under the laws of a sister state alimony can be given in a gross sum, the courts of this state may apply the law prevailing here in interpreting a decree of a court of such sister state, which simply allows a certain sum for alimony, and hold that such sum is an installment on account of alimony, and that the decree does not adjudge the future rights of the parties.

On bill for alimony.

*Mr. Edward I. Croll, Mr. Adolph Bloch* and *Mr. William Mathot,* for the complainant.

*Mr. Frank McDermott* and *Mr. Frank E. Bradner,* for the defendant.

BERGEN, V. C.

This bill is filed to compel the defendant to provide suitable support and maintenance for his wife and child, as permitted by section 20 of the Divorce act. *P. L. of 1902 p. 502.* The testimony establishes to my satisfaction that the parties were lawfully married, April 1st, 1883, in the village of Krasnopel, in the province of Poland, in the empire of Russia; that the defendant moved to the State of Nevada, in the United States, in the year 1887, and was joined there by the complainant in the month of September, 1891; that they lived in that state, at a mining town called Gold Hill, as husband and wife, from the month of September until the 10th day of January following,

at which time the defendant deserted the complainant, and, so far as I can ascertain, without the slightest cause or provocation. He was engaged in a small dry goods business and the stock which he left behind him he conveyed to an agent, who afterward disposed of the goods; what became of the proceeds does not appear. The defendant left his wife without disclosing his intention or leaving any information with her, or any of her family, regarding his destination. It afterwards appeared that he went to Bismarck, in the State of North Dakota, and on the 12th day of April, 1892, began proceedings in the courts of that state against his wife for a divorce, alleging as a cause that his wife was guilty of adultery with two or three persons named in his complaint; that such proceedings were had in the cause that, on the 20th day of July, 1892, a decree was entered divorcing the defendant herein from the complainant.

An examination of the record, which has been produced and offered in evidence, discloses that the defendant, by perjury, willfully and corruptly deceived the courts of North Dakota for the purpose of procuring the decree. The evidence shows he misled the court as to the residence of this complainant by asserting that she was then a resident of the city of Newark, in the State of New Jersey, although he had left her at Gold Hill, in the State of Nevada, a few months before that, and in consequence of this misinformation this complainant had no notice of the suit until after the making of the decree therein, and that the fact that such decree had been made did not come to her notice until the year 1895, when she immediately took steps in the North Dakota court for the purpose of having the decree vacated and set aside; that the decree was opened and set aside and an answer interposed by this complainant, upon which such proceedings were had that the court decreed that the complaint filed by the defendant herein, as the plaintiff in that court, should be dismissed, the decree being in the following words:

"It is hereby ordered, adjudged and decreed that the complaint herein be dismissed and that the defendant have judgment against the plaintiff for the sum of $5,000, for alimony and for the support of the

child, issue of the marriage between the plaintiff and defendant, and for her costs and disbursements in this action, to be taxed by the clerk of this court, together with the sum of $500 as attorney's fees as part of the taxed costs herein, and that the said Sarah Rebecca Fred, defendant, have and be awarded the sole charge, control and custody of Anna Fred, the child, issue of said marriage and mentioned in said complaint."

It further appeared that the defendant herein has for many years past been living in open adultery with a woman in the city of Newark, by whom he has had four or five children; that since he deserted his wife, in Gold Hill, Nevada, in 1891, he has neglected and refused to support his wife or child, except under legal compulsion, as hereinafter stated.

The evidence shows that on two occasions—once in New York and once in the city of Newark—he was arrested, charged with refusing to support his family; that in New York City he was required to give a bond to pay his wife $4 a week for one year, and that the condition of the bond was fulfilled; that in the proceeding in the city of Newark he was required to pay the sum of $2.50 a week toward the support of his wife and child, and while it does not distinctly appear in this cause for what period this payment was required, it was not disputed that it is no longer paid. The defendant offered some testimony tending to show that he had requested his wife to come to Newark and live with him, offering to provide for her and her child, but I have no hesitation in saying that if the testimony of the witnesses called on this point is to be credited, such offers were not, in my opinion, made in good faith; each offer related to a time when he was under arrest or seeking to escape from an obligation his wife was endeavoring to enforce, and, if made, was only intended for the purpose of affording a temporary relief from his then present difficulty. In addition to this, the wife was not bound to return to the home of her husband, with her young daughter, when at that time the husband was living in open adultery with another woman, whom he recognized as his wife. *Weigand* v. *Weigand, 41 N. J. Eq. (14 Stew.) 202.* I am entirely satisfied that this defendant, without any justifiable cause, has abandoned his wife, and refuses and neglects to maintain or provide for her or his child.

On the argument of the cause it was most strenuously insisted that the decree of the North Dakota court, having awarded to the wife the sum of $5,000 as alimony, that award was to be taken as the allowance of a sum in gross for permanent alimony, and being the judgment of a court of record of a sister state, with competent jurisdiction, it cannot be here questioned; and that the complainant, having compromised and accepted the sum of $1,000 in satisfaction of that judgment, is now estopped from any other claim or demand in that regard. I have given this question considerable investigation, and am satisfied that it is without merit. In the first place, no proof was made that under the laws of North Dakota alimony can be given in a gross sum, and in the absence of any proof on that subject we have the right to apply the law prevailing in this state, which is entirely settled that the uniform practice is to give the wife an allowance of money in periodical installments. *Calame* v. *Calame, 25 N. J. Eq. (10 C. E. Gr.) 548*: Nor would we be justified in interpreting a decree that simply gives a judgment for the sum of $5,000 for alimony as meaning that such allowance was intended not only for past, but future, support and maintenance. In the second place, the judgment sought to be interposed as a bar cannot, by its very terms, be held to be a final determination of the controversy; it simply dismisses the plaintiff from the court, and does not undertake to adjudge the future rights of the parties. Nor can the amount of the allowance affect the question. This woman and her child had been abandoned in a strange country, in 1891; the decree was made on the 7th day of December, 1896, after more than five years had elapsed since the desertion, during which time she and her child had depended upon the bounty of others for their support and maintenance, and an allowance of $1,000 a year may have been well justified by the evidence before the court. I will therefore advise a decree for the complainant, and will order a reference to a master to ascertain the financial condition of the defendant to aid the court in fixing a proper allowance.